**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC CITIZEN, INC.,<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF<br>HOUSING AND URBAN<br>DEVELOPMENT,<br>    451 7th Street SW<br>    Washington, DC 20410,<br><br>        Defendant. | Civil Action No. 19-915 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.     This action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, arises from plaintiff Public Citizen's request to the United States Department of Housing and Urban Development (HUD) for agency records regarding the eligibility of participants in the Deferred Action for Childhood Arrivals (DACA) program for loans insured by the Federal Housing Administration (FHA). A December 2018 news article reported that the FHA and HUD have been instructing lenders that DACA recipients can no longer obtain FHA-insured loans. FHA and HUD have not described or published any such guidance or policy publicly, however. Thus, Public Citizen submitted a FOIA request seeking records about the reported practice and seeking a public interest fee waiver under FOIA. HUD denied Public Citizen's request for a public interest fee waiver, stating that Public Citizen had not "adequately shown that the public understanding of government operations would be significantly enhanced by release of the requested material." Through this action, Public Citizen seeks a declaration that HUD has acted unlawfully by denying

the fee-waiver request and failing to produce the requested records, and an order requiring HUD to produce, at no cost to Public Citizen, records responsive to Public Citizen's FOIA request.

## PARTIES

2.     Plaintiff Public Citizen is a national non-profit research, litigation, and advocacy organization founded in 1971. Among other things, Public Citizen works to promote consumer rights, and for openness and accountability in government. Public Citizen submitted the FOIA request at issue in this case.

3.     Defendant HUD is an agency of the federal government of the United States and has possession of and control over the records Public Citizen seeks.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(A)(vii), (a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTS

5.     To expand the availability of mortgage credit and to increase homeownership, the FHA insures mortgages made by private lenders against the possibility of default. *See* Congressional Research Service, FHA-Insured Home Loans: An Overview 1 (Jan. 16, 2019), https://fas.org/sgp/crs/misc/RS20530.pdf. A borrower can take out an FHA-insured loan only through an FHA-approved lender, and only if both the borrower and the mortgage meet specified eligibility criteria. FHA-insured loans "have lower down payment requirements than most conventional mortgages," and "play a particularly large role for first-time homebuyers, low- and moderate-income households, and minorities." *Id.* at 2-3.

6.    On December 14, 2018, a news article reported that HUD had changed its practices with respect to FHA-insured loans for DACA recipients. *See* Nidhi Prakash, *The Trump Administration Is Quietly Denying Federal Housing Loans To DACA Recipients*, BuzzFeed News (Dec. 13, 2018), https://www.buzzfeednews.com/article/nidhiprakash/daca-trump-denied-federal-housing-loans. Specifically, the article reported that, in contrast to FHA's prior practice, FHA and HUD officials were informing lenders and others that the employment authorization document (EAD) that is provided to DACA recipients (known as a C-33) was no longer valid for substantiating work status for noncitizen FHA applicants. According to the article, one underwriter had received an email from HUD indicating that the C-33 EAD was no longer acceptable, and another lender reported that Gisele Roget, HUD deputy assistant secretary for single-family housing, had orally stated that DACA recipients were no longer eligible for FHA loans. *See id.*

7.    HUD has not publicly acknowledged or explained any change in its practice, policy, or guidance regarding FHA insurance for loans issued to DACA recipients.

**Public Citizen's FOIA Request**

8.    On December 19, 2018, Public Citizen sent a FOIA request to HUD seeking:

(1) Any documents concerning the eligibility of participants in the Deferred Action for Childhood Arrivals (DACA) program for Federal Housing Administration (FHA) loans;

(2) Any documents concerning the acceptability of a C33 (or C-33) employment authorization document (also referred to as EAD, work permit or I-766) for establishing borrower eligibility; and

(3) Any correspondence to or from Gisele Roget regarding DACA or C33 employment authorization documents.

The request was limited to January 20, 2017, through the date of search, and to records in the custody and control of the Office of the Secretary, the Office of the Assistant Secretary for Housing (including, but not limited to, all subsidiary offices), the Office of the Assistant Deputy Secretary

for Field Policy and Management, the Office of the Assistant Secretary for Congressional and Intergovernmental Relations, the Office of the General Counsel, the Office of the Assistant Secretary for Public Affairs, and the Office of Public Relations.

9.      Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), Public Citizen's FOIA request included a request for a waiver of any fees associated with processing its FOIA request. The request explained that the records would "shed light on how HUD is determining eligibility for a federal program."

10.     Public Citizen's fee-waiver request further explained that Public Citizen is a nonprofit organization that has fought for consumer rights and for openness and democratic accountability in government for decades, with a "long history of advocacy related to consumer financial products, access to government lending programs, and transparency in financial regulation." It noted, with citations, that "[w]hether HUD has adopted a policy regarding the eligibility of DACA recipients for FHA loans has been the subject of media coverage and public concern," and that it intended to share any information it received in response to the request with the public free of charge.

11.     Two days later, HUD denied Public Citizen's request for a fee waiver with a form acknowledgment letter that did not address any specifics as to Public Citizen's request, cited generic legal standards, and concluded that "based on the foregoing, your request for a fee waiver is not in the 'public interest' as required by statute and is therefore denied." The denial purported to rely on factors set out in 24 C.F.R. § 15.110(h), a regulatory provision that does not currently exist and appears to be a citation to a former version of HUD's FOIA regulations.

12.     On December 21, 2018, Public Citizen appealed HUD's fee-waiver denial. Public Citizen's appeal explained that the denial was facially defective because it failed to provide reasons for the denial and purported to rely on factors that are different than those set out in HUD's

operative regulations, 24 C.F.R. § 15.106(k)(2), and are contrary to D.C. Circuit precedent. Public

Citizen also detailed why it was entitled to a fee waiver under the appropriate factors.

13.     On March 15, 2019, HUD denied Public Citizen's appeal. In so doing, HUD stated

that Public Citizen had "not adequately shown that public understanding of government operations

will be significantly enhanced by release of the requested material." HUD stated that Public

Citizen's explanation as to why information about whether DACA recipients are eligible to

participate in FHA loan programs would enhance public understanding of the operation of the

FHA loan program was "speculative at best." In addition, although the request specified the offices

from which Public Citizen was seeking documents, *see supra* ¶ 8, HUD's letter stated that a search

for responsive records was ongoing in the Office of Public and Indian Housing—an office not

within the FOIA request, and not the office with primary responsibility for the FHA loan program.

14.     Public Citizen has exhausted its administrative remedies with respect to its request

for a public interest fee waiver.

15.     Under 5 U.S.C. § 552(a)(6)(A)(i), HUD had 20 working days to respond to

Plaintiff's FOIA request. More than 20 working days have passed since Public Citizen's December

19, 2018 request, and Public Citizen has received neither a determination on the substance of its

FOIA request nor any records produced in response to it.

16.     Public Citizen has exhausted all administrative remedies with respect to its FOIA

request to HUD. *See* 5 U.S.C. § 552(a)(6)(C)(i).

### FIRST CLAIM FOR RELIEF
### (Denial of fee waiver)

17.     Under 5 U.S.C. § 552(a)(4)(A)(iii), Public Citizen is entitled to a full public interest

waiver of fees that otherwise would be assessed in conjunction with its request, and HUD has not

provided a valid legal basis to deny Public Citizen's request for a fee waiver. The denial of Public Citizen's request for a public interest fee waiver violates FOIA.

18.     Under 5 U.S.C. § 552(a)(4)(A)(viii), Public Citizen is also entitled to a waiver of fees because HUD failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(ii) in resolving its appeal.

## SECOND CLAIM FOR RELIEF
### (Denial of FOIA request)

19.     Public Citizen has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested. No legal basis exists for the failure by HUD to disclose the records to Public Citizen.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A.     Declare unlawful HUD's failure to grant a public interest fee waiver in connection with Public Citizen's FOIA request;

B.     Declare that HUD's withholding of the requested records is unlawful;

C.     Order HUD to make the requested records available to Public Citizen without delay and at no cost;

D.     Award Public Citizen its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.     Grant all other appropriate relief.

Dated: April 1, 2019          Respectfully submitted,

<u>/s/ Adam R. Pulver</u>
Adam R. Pulver (D.C. Bar No. 1020475)
Rebecca Smullin (D.C. Bar No. 1017451)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
202-588-1000
apulver@citizen.org

*Counsel for Plaintiff*