UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, <br><br> *Defendant*. | Civil Action No. 1:19-cv-00915 (CJN) |

**MEMORANDUM OPINION**

Plaintiff Public Citizen, Inc. sued to enforce a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking documents relating to an unofficial housing policy shift by Defendant, the Department of Housing and Urban Development (HUD). *See* Compl. ¶ 1, ECF No. 1. Once HUD began production, however, Public Citizen noticed that certain otherwise-responsive documents contained redactions labeled "non-responsive record." *See* Pl.'s Mot. for Partial Summ. J. ("Pl.'s Mot.") at 2–3, ECF No. 14. Public Citizen alleges that this practice violates FOIA and moves for partial summary judgment to compel HUD to disclose the redacted material in documents that have been produced so far and to cease the redaction of non-responsive content going forward. *See generally* Pl.'s Mot. HUD cross-moves for summary judgment on the same issue, arguing that the redacted portions qualify as separate, non-responsive "records" under FOIA and that its practice is therefore lawful. *See generally* Def.'s Opp'n to Pl.'s Mot. for Partial Summ. J. and Cross-Mot. for Partial Summ. J., ECF No. 22; Def.'s Mem. in Supp. of Def.'s Opp'n to Pl.'s Mot. for Partial Summ. J. and Cross Mot. for Partial Summ. J. ("Def.'s Mot."), ECF No. 22-1.

For the reasons discussed below, the Court does not have enough information to grant judgment for either side at this point and therefore denies the Cross-Motions as premature, although it endeavors to provide general guidance to the Parties for future document productions.

## I. Background

The underlying FOIA request relates to the government's Deferred Action for Childhood Arrivals ("DACA") program, which permits "certain undocumented aliens who had been brought to the United States as children to be treated as low priorities for removal under the federal immigration laws." *NAACP v. Trump*, 298 F. Supp. 3d 209, 216 (D.D.C. 2018), *cert. granted*, 139 S. Ct. 2779 (2019). The Complaint alleges that, sometime prior to December 2018, HUD permitted DACA participants to qualify for home loans insured by the Federal Housing Administration (FHA). Compl. ¶¶ 5–6. According to media reports, however, HUD quietly modified that policy and began informally instructing lenders not to permit DACA participants to apply for FHA-backed mortgages. *Id.* ¶ 6.

Shortly thereafter, Public Citizen filed a FOIA request seeking documents related to HUD's DACA policies. *Id.* ¶ 8. HUD acknowledged the request but failed to produce any documents within the statutorily mandated time frame. *Id.* ¶ 15 (citing 5 U.S.C. § 552(a)(6)(A)(i)). Public Citizen filed this lawsuit April 1, 2019, petitioning the Court to compel production of the documents, among other relief. *Id.* ¶ 19. HUD began producing responsive documents in June, and to date has reviewed and produced several thousands of pages, with more than 2,200 pages remaining in the queue. *See* Joint Status Report of Mar. 13, 2020 ¶ 4, ECF No. 32.

Upon receiving and reviewing HUD's first two batches of produced documents, Public Citizen discovered that many of the produced pages contained redactions, with each redaction labeled with a short justification for withholding the material (as is common with documents

obtained under FOIA). Pl.'s Mot. at 2. Many redactions were premised upon one of FOIA's statutorily permitted exemptions—either Exemption 5 (intra-agency memoranda) or Exemption 6 (privacy). *Id.* But several other redactions were labeled "Non Responsive Record" and did not cite any of FOIA's exemptions. *Id.*

Relying on the D.C. Circuit's decision in *American Immigration Lawyers Association v. Executive Office for Immigration Review (AILA)*, 830 F.3d 667 (D.C. Cir. 2016), Public Citizen moves for partial summary judgment to stop HUD from redacting unresponsive portions of otherwise responsive documents. *See generally* Pl.'s Mot. HUD filed its own Motion, arguing that its practice is lawful because the redacted portions are separate records, and also opposed Public Citizen's Motion on the ground that the Court cannot resolve the question until HUD completes its document production. S*ee generally* Def.'s Mot.

## II. Legal Standard

FOIA "mandates that an agency disclose records on request, unless they fall within one of nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011). "These exemptions are explicitly made exclusive and must be narrowly construed." *Id.* (internal quotations omitted). "The burden is on the agency to justify withholding the requested documents, and . . . FOIA directs district courts to determine *de novo* whether non-disclosure was permissible." *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015) (citing *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 & n.6 (1989)). "FOIA cases typically and appropriately are decided on motions for summary judgment." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). "'It is well settled in [FOIA] cases as in any others that summary judgment may be granted only if the moving party proves that no substantial and material facts are in dispute and that [it] is entitled to judgment as a matter of law.'" *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 37

(D.D.C. 2017) (quoting *Founding Church of Scientology of Wash., D.C., Inc. v. NSA*, 610 F.2d 824, 836 (D.C. Cir. 1979)); *see also* Fed. R. Civ. P. 56(a).

### III.    Analysis

Public Citizen does not (yet) challenge any of HUD's redactions premised on one of the available exemptions listed in the statute, *see* 5 U.S.C. § 552(b)(5)–(6), so the narrow issue before the Court is whether HUD's redactions of what it claims are "non responsive records" is permissible under FOIA.  *See* Pl.'s Mot. at 4–8; Def.'s Mot. at 2–5.  With respect to the records before the Court, the redactions are not limited to pages or large sections of otherwise-responsive documents; they instead include the majority of minutes of a meeting (with a small portion directly responsive to Public Citizen's request left unredacted), individual bullet points from PowerPoint slides, and individual paragraphs or sentences in email chains.  *See* Pl.'s Mot. at 2–3; *see also* Pl.'s Mot. Ex. 4, ECF No. 14-6 (compiling all pages containing redactions for non-responsive records from the July 2, 2019 batch of produced documents).[1]

The D.C. Circuit addressed this type of approach in *AILA*, where it held that there is "no statutory basis for redacting ostensibly non-responsive information from a record deemed responsive."  830 F.3d at 670.  "[O]nce the government concludes that a particular record is responsive to a disclosure request, the sole basis on which it may withhold particular information within that record is if the information falls within one of the statutory exemptions from FOIA's disclosure mandate."  *Id.*

---

[1] Plaintiff's Motion, which was filed early in the course of production, challenges only the redactions contained in the June 4, July 2, and August 7, 2019 batches.  *See* Pl.'s Mot. at 2–3 & n. 3.  At the Court's direction, HUD has continued to review and produce documents while the Cross-Motions have been pending before the Court.  Although the Cross-Motions address only the first few batches, the Parties' arguments apply generally to all documents produced in response to Public Citizen's FOIA request.

But *AILA* expressly declined to define what constitutes a "record," the term FOIA uses to refer to discrete units of disclosable information. *Id.* at 678. FOIA provides no definition, so the Court of Appeals decided to defer to the agency's own understanding of the term. *Id.* In other words, "once an agency *itself* identifies a particular document or collection of material—such as a chain of emails—as a responsive 'record,' the only information the agency may redact from that record is that falling within one of the statutory exemptions." *Id.* at 678–79. The Court declined to set parameters on just how small "records" can be, but it noted that it found "it difficult to believe that any reasonable understanding of a 'record' would permit withholding an individual sentence within a paragraph within an email on the ground that the sentence alone can be conceived of as a distinct, non-responsive 'record.'" *Id.* at 679. Finally, the Court recommended the Justice Department's internal guidance on how to define the term, which "sets forth a number of considerations for agencies to take into account when determining whether it is appropriate to divide . . . a document into discrete 'records.'" *Id.* at 678.

Judges in this District have had several opportunities to answer that question since *AILA* and have reached varying results depending on the unique facts of each case. For example, while an e-mail chain itself might be a single record, attached documents may qualify as separate "records." *See Brady Ctr. to Prevent Gun Violence v. U.S. Dep't of Justice*, 410 F. Supp. 3d 225, 235–37 (D.D.C. 2019). Yet other judges have come out the other way. *See Parker v. U.S. Dep't of Justice, Office of Prof'l Responsibility*, 278 F Supp. 3d 446, 450–52 (D.D.C. 2017) (treating cover letter and attached draft document as a single record). Sometimes a large document is a single "record" and cannot be subdivided. *See Gatore v. U.S. Dep't of Homeland Sec.*, CA No. 15-459, 2017 WL 10777326, at *2–3 (D.D.C. Jun. 27, 2017) (compelling production of the Department's entire "FOIA Processing Guide" as a single record). But sometimes documents

otherwise stored in the same folder may be separate, segregable records. *See Eakin v. U.S. Dep't of Def.*, No. SA-16-cv-972-RCL, 2019 WL 6877475, at *2–3 (W.D. Tex. Dec. 17, 2019) (Lamberth, J.) (permitting Department to remove records of prior FOIA requests from folders containing responsive original material before production).

At least one trend has emerged: it is usually improper to identify individual words, sentences, or paragraphs in discrete documents or emails and to label them as separate, non-responsive "records." *See AILA*, 830 F.3d at 679 ("We find it difficult to believe that any reasonable understanding of a 'record' would permit withholding an individual sentence within a paragraph within an email on the ground that the sentence alone could be conceived of as a distinct, non-responsive 'record.'"); *Am. Oversight v. U.S. Dep't of Health and Human Servs.*, 380 F. Supp. 3d 45, 50–51 (D.D.C. 2019) ("[I]t is commonly understood that an email chain operates as a single record."); *Inst. for Policy Studies v. CIA*, 388 F. Supp. 3d 51, 53–54 (D.D.C. 2019) ("Manuals need not be read cover-to-cover to be useful; a book author likely intends his audience to encounter a few pages at a time. But a daily or weekly intelligence summary—itself just a few pages long—is an unlikely candidate for piecemeal consumption.").[2]

Relying on those cases, Public Citizen urges the Court to lay down categorical rules that will both address redactions in the documents HUD has already produced and govern production going forward. *See* Pl.'s Mot. at 8. But as at least one judge in this district has concluded, it's

---

[2] HUD notes that *Institute for Policy Studies* dealt with a request that was already in progress when the D.C. Circuit decided *AILA*, and therefore the agency had already identified responsive records and could not retroactively try to subdivide the documents into even smaller records later. *See* Def.'s Reply at 7 (citing *Inst. for Policy Studies*, 388 F. Supp. 3d at 53). That's true, but that was only one factor on which the court relied in reaching its conclusion that the agency could not subdivide the documents into separate records. *See Inst. for Policy Studies*, 388 F. Supp. 3d at 53 ("This midstream attempt to move the goalposts only *underscores the weakness of the government's position*." (emphasis added)).

possible for a court both to pronounce general guidance on how to define the term "record" and to be unable to make concrete determinations about specific redactions. In *Shapiro v. CIA*, 247 F. Supp. 3d. 53, 73–75 (D.D.C. 2017), the court approved of the FBI's practice of culling responsive *pages* from large documents (along with neighboring pages, if necessary to provide context) and producing the abbreviated, responsive "record" rather than processing and releasing entire manuals or books. *Id.* But the court also determined that it could not evaluate individual challenges to specific withholdings simply by applying that rule; it needed information about how and why the agency had determined that specific information was part of a separate, non-responsive record and therefore not subject to production. *Id.* at 75. It denied summary judgment on those issues and invited the parties to come back with more information. *Id.*

The Court faces a similar situation here. Although HUD has produced several thousands of pages, it still has a few thousand more pages to review and hand over. *See* Joint Status Report of Mar. 13, 2020 ¶ 4. The Court has before it no *Vaughn* index, no comprehensive list of challenged redactions, and no government affidavits explaining the rationale for considering all of HUD's specific redactions as records separate and distinct from the produced materials. To be sure, the government has submitted an affidavit providing explanations for certain records produced in the early stages of litigation, *see generally* Decl. of Deena Jih, ECF No. 21-3, but the Court anticipates that there will be additional disputed redactions for which the government will need to articulate its basis for treating them as separate records. The Court does not believe it makes sense to rule on some challenged redactions and then to have to revisit the topic in the context of additional documents.

The Court therefore denies both Cross-Motions for Partial Summary Judgment without prejudice and invites the Parties to renew their motions once HUD has handed over all

documents it claims are responsive and a *Vaughn* index, and once Public Citizen has had an opportunity to review the documents and form objections to specific redactions (or categories thereof). Public Citizen will also have an opportunity at that point to challenge other withholdings (such as redactions on the basis of one of the available statutory exemption categories) and any other aspects of HUD's response Public Citizen believes to have been unlawful.

A final note. HUD characterizes as mere "dicta" *AILA's* skepticism to the characterizing of individual emails in a chain (or paragraphs or sentences thereof) as separate records, Def.'s Reply at 5 (citing *AILA*, 830 F.3d at 679), but *AILA's* statement seems likely to hold true in most circumstances. While the Court can theoretically imagine a situation in which a single bullet point from a PowerPoint slide or a single email in a chain (or subdivision thereof) might be considered a separate record, it is skeptical that the government will be able to justify that step outside extraordinary circumstances. A contrary approach would be "unduly literal and stingy." *Am. Oversight*, 380 F. Supp. 3d at 51.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is hereby **DENIED** without prejudice. Defendant's Motion for Partial Summary Judgment is also **DENIED** without prejudice. The Parties may renew their motions at the close of production. An Order will be entered contemporaneously with this Memorandum Opinion.

DATE: March 26, 2020

CARL J. NICHOLS
United States District Judge