# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PUBLIC CITIZEN, INC., | ) | |
| Plaintiff, | ) | Civil Action No. 19-915 (CJN) |
| v. | ) | |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) | |
| Defendant. | ) | |

## DECLARATION OF ADAM R. PULVER
## IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

I, Adam R. Pulver, declare, based on personal knowledge, as follows:

1. I am an attorney at Public Citizen Litigation Group and lead counsel for Plaintiff in this matter. I submit this Declaration in support of Plaintiff's Motion for Attorneys' Fees and Costs.

### Plaintiff's FOIA Request and the Litigation

2. On December 19, 2018, on behalf of Public Citizen, I electronically submitted the FOIA request at issue in this action. A true and accurate copy of that request is attached as Exhibit 1.

3. On December 21, 2018, I received via e-mail an acknowledgment of that request, and a denial of Public Citizen's request for a public-interest fee waiver. A true and accurate copy of that attachment is attached as Exhibit 2.

4. Also on December 21, 2018, I electronically submitted an appeal of HUD's fee-waiver denial. A true and accurate copy of that appeal is attached as Exhibit 3.

5. On March 15, 2019, I received a denial of the fee waiver appeal. A true and accurate copy of that denial is attached as Exhibit 4.

6. Attached as Exhibit 5 is a true and accurate copy of email correspondence between myself and Defendant's counsel, from July 8 though July 15, 2019.

7. Attached as Exhibit 6 is a true and accurate copy of email correspondence between myself and Defendant's counsel, from January 10 through April 6, 2020.

8. Attached as Exhibit 7 is a true and accurate copy of email correspondence between myself and Defendant's counsel, from April 10 through April 16, 2020, in which I forwarded earlier correspondence with Defendant's first counsel to its third counsel.

9. Attached as Exhibit 8 is a true and accurate copy of email correspondence between myself and Defendant's counsel, from May 22 through May 28, 2020, without attachments.

10. Defendant's productions of documents in this case have come in the form of PDF e-mail attachments. These PDFs were not text-searchable and did not have Bates stamps or other pagination. In addition, the accompanying cover letters did not indicate on which pages the agency had made redactions marked "Non Responsive Record." Accordingly, I asked my support staff to convert the documents into text-searchable format, add Bates-stamp numbers, and cull the pages on which Defendant made "Non Responsive Record" redactions. In an exercise of billing judgment, Plaintiff is not seeking compensation for the time spent by support staff on these tasks.

11. I personally reviewed each page bearing the notation "Non Responsive Record," in addition to any other page in which HUD redacted material pursuant to FOIA's statutory exemptions.

12. In June and July 2020, after Defendant's counsel advised me that Defendant would not be removing its redactions of parts of documents as "non responsive records," I reviewed all 1,100 pages marked as "non responsive records" in light of the guidance in the Court's March 2020 opinion. As a result of this analysis, I identified a total of 62 unique documents as to which

Plaintiff maintained Defendant's redactions were improper. Attached as Exhibit 9 is a chart reflecting that analysis.

13. When HUD made its "discretionary release" on August 13, 2020, I compared the documents in that release with those previously produced by HUD to ascertain which, if any, redactions HUD removed. I then updated the chart attached as Exhibit 9 to reflect whether HUD had removed all, some, or none of its "Non Responsive Record" redactions in each document.

14. In my review of HUD's discretionary release, I discovered that HUD had removed "Non Responsive Record" redactions in Escalation Review Committee Agendas and Minutes, Potomac Partners' PowerPoint presentations, and notes, including those that had been specifically addressed in my July 2019 correspondence with Defendant's counsel, and Plaintiff's Motion for Partial Summary Judgment.

15. Attached as Exhibit 10 is a true and accurate copy of an email I received from Defendant's counsel on August 13, 2020, without attachments.

16. Attached as Exhibit 11 are true and accurate copies of pages from HUD's August and September 2019 productions, with Bates-stamps added by my office's support staff.

17. Attached as Exhibit 12 are true and accurate copies of the pages contained in Exhibit 11, as reproduced by HUD without "Non Responsive Record" redactions on August 13, 2020, and with page numbers added.

## Qualifications and Billing Rates

18. I am an attorney admitted to practice in the District of Columbia and before this Court. I am also a member of the New York Bar and an inactive member of the California Bar, both of which I was admitted to in 2009.

19. I graduated from the Columbia University School of Law in 2008. From 2008 through 2010, I served as a judicial law clerk in the United States District Court for the Central District of California in Los Angeles and Riverside, California.

20. From 2010 through 2013, I was a litigation associate at Emery Celli Brinckerhoff & Abady LLP in New York, NY, where my practice involved complex litigation in state and federal courts of all levels.

21. From 2014 through 2017, I was an Attorney/Senior Attorney in the Office of the Solicitor of Labor. In that capacity, I litigated actions in this and other courts around the United States in enforcement and other matters of national significance. *See, e.g.*, *Perez v. Amalgamated Transit Union Local 1700*, 174 F. Supp. 3d 395 (D.D.C. 2016). I also had a number of non-litigation responsibilities, including in the drafting of several regulations and sub-regulatory policies, and in outreach and stakeholder engagement about various policy matters. I also supervised the search and review of documents in response to several FOIA requests and reviewed numerous FOIA productions.

22. I joined Public Citizen Litigation Group in July 2017. At Public Citizen, my practice focuses on litigation in federal courts, with emphases on administrative law, FOIA, and appellate and Supreme Court litigation. I have served as lead counsel in a number of complex civil cases in all levels of federal courts. *See, e.g.*, *Davis v. Ermold*, No. 19-2026, 2020 WL 5881537 (Mem.) (Oct. 5, 2020) (counsel of record at Supreme Court level); *McAdory v. M.N.S. & Assoc., LLC*, 952 F.3d 1089 (9th Cir. 2020) (lead appellate counsel); *United Food & Commercial Workers Union, Local No. 663 v. U.S. Dep't of Agric.*, 451 F. Supp. 3d 1040 (D. Minn. 2020) (lead counsel); *Mayor & City Council of City of Baltimore, Md. v. Humbert*, 138 S. Ct. 2602 (mem.) (2018) (co-counsel at Supreme Court level); *Bauer v. DeVos*, 325 F. Supp. 3d 74 (D.D.C. 2018) (lead

counsel); *Forby v. One Technologies, L.P.*, 909 F.3d 780 (5th Cir. 2018) (lead appellate counsel). In addition to this matter, I have been lead counsel in numerous FOIA matters in this Court. *See Public Citizen v. U.S. Dep't of Labor*, No. 20-cv-2495 (EGS); *Public Citizen v. U.S. Dep't of Agric.*, No. 20-cv-1625 (KBJ); *Commc'n Workers of Am. v. U.S. Dep't of Labor*, No. 19-cv-1943 (TSC); *Public Citizen v. U.S. Dep't of Educ.*, No. 18-cv-1047 (CKK); *U.S. Right to Know v. EPA*, No. 18-cv-1189 (KBJ); *Public Citizen v. Dep't of Labor*, No. 18-cv-433 (RDM). I also frequently provide guidance to other individuals drafting FOIA requests and litigating FOIA cases.

23. Throughout this litigation, I have contemporaneously, accurately recorded my time spent on this matter in our office's timekeeping software, including descriptions of the tasks performed in six-minute increments. A true and accurate print-out of the entries made by me and my co-counsel, generated from our time-keeping software, is attached as Exhibit 13.

24. Attached as Exhibit 14 is a true and accurate copy of the most recently updated "LSI-updated Laffey Matrix" as it appears on expert economist Michael Kavanaugh's webpage, at http://www.laffeymatrix.com/see.html.

25. Attached as Exhibit 15 is a true and accurate copy of a declaration submitted by Dr. Kavanaugh in *DL v. District of Columbia*, No. 05-cv-1437 (RCL) (D.D.C.).

26. Attached as Exhibit 16 is a true and accurate copy of an affidavit submitted by attorney-fees expert Michael P. Downey in *DL v. District of Columbia*, No. 05-cv-1437 (RCL) (D.D.C.).

27. Attached as Exhibit 17 is a true and accurate copy of a declaration dated November 19, 2018 submitted by Paul M. Thompson, counsel for plaintiff, in *Mattachine Society of Washington, DC v. United States Department of Justice*, No. 16-cv-773 (RCL) (D.D.C.), without attachments.

28. Attached as Exhibit 18 is a true and accurate copy of a declaration dated September 3, 2020, submitted by R. Stanton Jones, counsel for plaintiff, in *Dimaio v. Wolf*, No. 20-cv-445 (RJL).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2020

/s/ Adam R. Pulver  
Adam R. Pulver